OPINION
This appeal is brought by Appellant James Darin Phillips, Sr. from the judgment of the Court of Common Pleas, Wyandot County, sentencing him to the maximum sentence, eight years incarceration, on one count of child endangering, a felony of the second degree.
On October 24, 2001 Appellant was indicted on one count of felonious assault, a violation of R.C. 2911.03(A)(1) and one count of endangering children, a violation of R.C. 2919.22(B). The charges stem from a September 21, 2001 incident in which Appellant put his hand over a sixteen-month-old child's mouth, thereby denying the child oxygen and causing him to become comatose. The child in question is not Appellant's child, but was in the care of Appellant at the time of the incident.
Pursuant to plea negotiations with the prosecution, Appellant entered a guilty plea to one count of endangering children and thereafter the felonious assault charge was dismissed. The plea agreement included a seven-year sentence recommendation by the State. On February 28, 2002, following the submission of a pre-sentence investigation report, the trial court rejected the State's recommendation and sentenced Appellant to the maximum sentence for the offense, eight years incarceration. It is from this judgment that Appellant now appeals.
Appellant raises the following assignment of error:
 "The trial court erred by imposing the maximum prison sentence without the requisite findings pursuant to R.C. 2929.14(C)."
An appellate court is to review the propriety of a trial court's felony sentencing decisions and substitute its judgment only upon finding clear and convincing evidence that, in relevant part, the record does not support the sentencing court's findings or is otherwise contrary to law.State v. Martin (1999), 136 Ohio App.3d 355, 361. Moreover, as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society, it is in the best position to make the fact-intensive evaluations required by the sentencing statutes. Id.
The general purpose of sentencing is to punish the offender while protecting the public from future offenses. R.C. 2929.11. Accordingly, when sentencing a defendant who has been convicted of a felony, the trial court must evaluate the factors set forth in R.C. 2929.12(B) and (C) relating to the "seriousness of the conduct." The court must also evaluate the factors set forth in 2929.12(D) and (E) relating to the "likelihood of the offender's recidivism." State v. Gibson (Oct. 22, 2001), Auglaize App. No. 2-01-15.
A trial court may only impose a maximum sentence upon those who have committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under, and upon certain repeat violent offenders. R.C.2929.14(C). Furthermore, R.C. 2929.19(B)(2)(d) provides that a sentencing court must state reasons on the record for sentencing an offender to the maximum term as listed in R.C. 2929.14(C). State v.Edmondson (1999), 86 Ohio St.3d 324. Appellant asserts that while the trial court stated that Appellant committed the worst form of the offense, it did not make the required analysis and findings pursuant to R.C. 2929.19(B)(2)(d). We disagree.
Here, a review of the transcript of the sentencing hearing reveals that the trial court made a finding that Appellant committed the worst form of the offense. Thereafter the trial court listed its reasons as the violent nature of the offense, the child's extensive injuries, the fact that the offense was committed in front of other children including the victim's sister and the fact that the victim's entire family was currently undergoing therapy for their emotional distress. The court went on to point out that before the offense, the child was of normal development but that now he can not walk, use his right arm, open his right hand, and requires special handling of his food because he can not swallow properly. The court stated that the child's mother cannot work, the victim goes to therapy six to eight times a week, the family is financially strained, and the Appellant has subjected them to a lifetime of uncertainty.
R.C. 2929.19(B)(2)(d) does not require the trial court to recite a boilerplate analysis for finding the worst form of the offense, but rather it requires that the court provide a "factual explanation setting forth the basis for those findings." State v. Schmidt (Feb. 6, 2002), Mercer App. No. 10-01-10, ¶ 20. Considering the lengthy dissertation in which the trial court stated its reasons for finding that the Appellant committed the worst form of the offense, we are satisfied that the trial court fulfilled its statutory requirements. Accordingly, we overrule the Appellant's assignment of error.
For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Wyandot County, is hereby affirmed.
Judgment Affirmed.
SHAW, P.J. and WALTERS, J., concur.